**Robert Bryan CRESTFIELD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43852.**

Court of Criminal Appeals of Texas.

July 28, 1971.

Rehearing Denied Oct. 20, 1971.

Ben G. Levy, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, William W. Burge and Rick

Stover, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for possession of LSD; the jury assessed the punishment at six months in jail and a fine of $3,000.

Officer R. L. Mayberry of the Houston Police Department testified that late in the night of September 5, 1969, he was working an extra job at a national pool tournament being held at the Le Cue Club in Houston. Someone called his attention to the appellant, who was asleep and "sitting slouched in a chair approximately three to four feet from the booth area of the restaurant part of the club." He tried to wake the appellant and had to shake him several times in order to do so. The appellant's eyes were dilated and he did not seem to understand what the officer was saying. This occurred in the upstairs portion of the club and he escorted the appellant downstairs. The appellant had difficulty in walking and appeared to be under the influence of some type of narcotic or drug. Upon searching the appellant, he found a cigarette package with a plastic bag containing about 100 pills.

Other officers corroborated Officer Mayberry's testimony, and the pills were shown to be LSD.

The appellant testified he was 19 years old, a student in college in California, and that he had hitch-hiked to Houston to watch the pool tournament. He further testified he watched several games of pool, that he had borrowed the clothes he was wearing from a friend in Houston, that he was tired and sleepy and would close his eyes from time to time while watching the pool games. Further, that the officers shook him, escorted him downstairs and searched him. He testified that he did not know there were LSD pills in the clothes,

that he had never used LSD, and that he had never been in trouble with the law.

The sufficiency of the evidence is not challenged.

█ The appellant's first ground of error complains because the court overruled his motion to suppress evidence based on a contention that the LSD pills were obtained as an incident to an unlawful arrest. The motion to suppress was filed on the date of the trial, November 5, 1969.

At the hearing on the motion to suppress, it was established that Officer Mayberry first approached the appellant because a waiter complained that the appellant was asleep and in the way of the pool players. The appellant appeared not to understand what the officer was saying, and his speech and actions were incoherent. Although Mayberry did not originally plan to arrest the appellant, because of the difficulty in handling him and his suspicion that the appellant was under the influence of drugs, he decided to arrest him for being asleep in a public place. A Houston city ordinance defining that offense was introduced into evidence. Among the places where sleeping was prohibited by the ordinance were restaurants, and the appellant was asleep in the restaurant portion of the pool hall. The search was conducted after the officer had aided the appellant in walking downstairs. The cigarette package with the bag containing LSD pills was found in the left breast pocket of the outer shirt.

Since the arrest was lawful, the search incident thereto was lawful. Slaughter v. State, Tex.Cr.App., 439 S.W.2d 836; Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685.

Under Art. 28.01 Vernon's Ann.C.C.P., the court did not abuse its discretion in overruling the motion. See: Bosley v. State, Tex.Cr.App., 414 S.W.2d 468; Swanson v. State, Tex.Cr.App., 447 S.W.2d 942.

■ Further, the appellant himself testified that the LSD tablets were in his clothes, and he cannot complain that they were in evidence. Parker v. State, Tex. Cr.App., 384 S.W.2d 712; McCain v. State, Tex.Cr.App., 363 S.W.2d 257; 5 Tex.Jur. 2d 708, Sec. 46.

The appellant's first ground of error is overruled.

■ The appellant's second ground of error complains of the admission into evidence of certain testimony by Mayberry to the effect that someone had told Mayberry that the appellant had been trying to sell the pills. After appellant had testified that he did not know the pills were in the clothing, Mayberry testified on rebuttal. The testimony was as follows:

"Q Officer Mayberry, after you woke the defendant up and before he left in the custody of Officer Turner, did anyone approach you in the defendant's presence and say anything concerning anything about any pills?

"A Yes, sir, they did.

"Q What did they say?

"A Stated that this subject had been trying to sell those pills early in the afternoon.

"MR. LEVY: Objection, Your Honor. We would ask for a mistrial. This has absolutely nothing to do with this case. This is purely hearsay and has nothing to do with the facts in this case and it's designed only to prejudice the jury. We ask for a mistrial.

"THE COURT: Motion for mistrial is overruled. Counsel for the State may go into whether or nor it was within the hearing distance of the defendant."

On cross-examination, Mayberry testified as follows:

"Q You did not see any sale in your presence, did you?

"A No, sir. I have stated that."

On November 6, 1969, the court granted the appellant's motion in limine to instruct the prosecution not to assert or suggest that the appellant committed other offenses, particularly sale of LSD. The court, however, sustained the motion "unless such assertions become admissible."

The appellant relies on the general rule that evidence of extraneous offenses is inadmissible, and to some extent, on the hearsay rule. The State relies on the rule that evidence of the commission of other crimes by the accused may be used to show identity of person, intent, motive, scienter, system, and malice. Wagner v. State, Tex. Cr.App., 463 S.W.2d 432; Williams v. State, Tex.Cr.App., 441 S.W.2d 853.

Texas follows the rule allowing extraneous offenses to show intent and such "evidence can be offered as direct testimony, and in a case of circumstantial evidence where intent is an issue, *but it more often is permitted to come in the form of rebuttal evidence after the appellant has testified or offered a defense wherein he has stated that he did not intend to do the act.*" (Emphasis added). O'Brien v. State, Tex.Cr.App., 376 S.W.2d 833. Since the appellant denied his knowledge and intent, evidence of another offense was admissible.

The appellant also complains because the testimony was hearsay. However, an exception to the hearsay rule lies where a declaration or statement is made by a third person in the presence of the accused. 24 Tex.Jur.2d 75, Sec. 563.

"Where a statement or remark is made in defendant's presence, which he understood and which called for a reply, his silence or acquiesance may be shown as a confession where he was not under arrest." 1 Branch's Ann.P.C. 91, Sec. 87. Thus, any objection to the testimony on the grounds that it is hearsay is invalid.

In this case, the appellant was under arrest when the statement was made. Therefore, in the face of a proper objection, the testimony should have been excluded. "Whether warned or not, the silence of a defendant while under arrest cannot be used against him as a confession of the truth of statements made in his presence by his co-defendants or anybody else." 1 Branch's Ann.P.C. 91, Sec. 87.

In De Lira v. State, 164 Tex.Cr.R. 194, 297 S.W.2d 953, the court applied this rule to a similar fact situation and reversed. In that case, however, an objection was taken to the admission of the evidence on the grounds that the appellant was under arrest at the time the statement was made. Likewise, in this case, such statement, though made in the presence of the accused, is not admissible if the proper objection is made.

The proper objection would have been that the appellant was under arrest at the time. The admission of such testimony was an infringement against the appellant's rights against self-incrimination and a violation of the confession statute. Art. 38.21, Art. 38.22, V.A.C.C.P. It was not objectionable on the ground that it was hearsay. Since the proper objection was not made, any error is waived.

The appellant's second ground of error is overruled.

 The appellant's third ground of error complains that the city chemist was allowed to testify, on behalf of the State, as to his opinions outside the area of his professional expertise.

The chemist testified that LSD was a hallucinogenic drug and that "under the influence of a hallucinogenic drug one hallucinates and begins to see or hear things that are not actually there and puts things out of their real perspective." The chemist had given an extensive answer to the State's question concerning the effects of LSD before any objection was made. The objection came too late to preserve error. Renfro v. State, 156 Tex.Cr.R. 400, 242 S.W.2d 772; Jenkins v. State, 468 S.W.2d 432.

The chemist twice testified that the effects of LSD can be long lasting. On one of those occasions, no objection was made. Therefore, no reversible error is shown. Van Bibber v. State, Tex.Cr.App., 371 S.W.2d 880.

The appellant's third ground of error is overruled.

There being no reversible error, the judgment is affirmed.

ODOM, J., not participating.