Anthony Dewayne SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–00011–CR.

Court of Appeals of Texas, Dallas.

May 12, 1982.

Rehearing Denied June 22, 1982.

Edgar A. Mason, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Jeff Keck, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, STOREY and VANCE, JJ.

## ON MOTION FOR REHEARING

STOREY, Justice.

We grant the State's motion for rehearing, withdraw our prior opinion and affirm appellant's conviction.

This appeal is from a conviction for forgery. The principal ground for appeal arises from the trial court's failure to include definitions of "intentionally and knowingly" in its charge. We conclude that under the circumstances of this case no reversible error is presented.

The indictment charged that defendant "intentionally and knowingly with intent to defraud" possessed a forged instrument with intent to pass it. At trial, after the charge had been given the jury and after the conclusion of the arguments on guilt or innocence, but before the jury began its deliberations, the judge announced that he had inadvertently omitted the definitions of "intentionally and knowingly" from the charge. In this respect the judge stated that, pursuant to article 36.16 of the Code of Criminal Procedure, he could not further charge the jury unless certain things occurred, but these did not include his omissions of the definitions of intentionally and knowingly in the charge. The judge did, however, state that he would allow either party to request an additional charge to include the omitted definitions. In response to this invitation, the State requested the additional charge, but the defendant objected and moved for a mistrial. The court sustained defendant's objection and declined to submit the definitions but refused to declare a mistrial. The jury thereafter found defendant guilty.

While we do not agree with the trial court's restrictive interpretation of article 36.16 as applied to the circumstances

of this case,[1] the failure to supply the omitted definitions was nevertheless invited by action of appellant. When the court offered to correct the charge, and the State assented, the option to correct then lay solely with appellant. His objection, or refusal to assent, was tantamount to a request that the charge be given as originally submitted. His objection tells us that he received the charge he wanted. He is therefore in no position to benefit from error in the charge. *Ayers v. State*, 606 S.W.2d 936 (Tex.Crim. App.1980). This rule applies whether or not the error is perceived to be fundamental. *Cadd v. State*, 587 S.W.2d 736, 741 (Tex. Crim.App.1979). Accordingly, we overrule this ground.

█ Similarly, we conclude that no harm resulted from the State's closing argument. The prosecutor argued that "there is no evidence that this defendant had a dime on him at the time he passed this check, or he tried to pass it. There has been no evidence that any cash . . . ." Appellant's objection to this argument on the grounds that it was a comment on his failure to testify was sustained and the jury was instructed to "disregard any inference to failure to testify." While the court's instruction may have been sufficient to cure the error, if any, in the argument, there is a more compelling reason to overrule this point of error. In opening argument, appellant's counsel stated: ". . . you don't know that this is the only means that he had to pay for the $52.50 money order. There is no evidence one way or another as to that." This argument invited the response made by the State and appellant cannot be heard to complain of it on appeal. *See White v. State*, 618 S.W.2d 65 (Tex.Crim.App.1981).

█ Nor do we find merit in appellant's contention that the State's witness commented on his failure to make exculpatory statements after his arrest. Our examination of the record reveals that appel-lant was not under arrest at the times referred to by the State's witness. In such circumstances where statements calling for a reply are made in appellant's presence, silence or acquiesence may be shown. *See Crestfield v. State*, 471 S.W.2d 50 (Tex. Crim.App.1971).

Finally, appellant has complained that the evidence is insufficient. This point of error was considered in our original opinion and found to be without merit. Because no complaint is raised by appellant on motion for rehearing with respect to this point, we adhere to our original finding.

Affirmed.

---

1. The court apparently discovered the omission during the course of closing argument. Immediately following argument he retired the jury with specific instructions not to begin deliberations. At this point, out of the jury's presence, the court offered to correct the charge but was met by appellant's objection. The court was authorized to correct the charge despite the objection. *Bustillos v. State*, 464 S.W.2d 118, 125 (Tex.Crim.App.1971); *Nowlin v. State*, 76 Tex.Cr. 480, 175 S.W. 1070, 1072 (1915).