Frank BODZIN, Plaintiff-Appellant,

v.

CITY OF DALLAS, Alonzo Burgin, Steven Padgett, and Skaggs Companies, Inc., Defendants-Appellees.

No. 84–1695.

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 19, 1985.

Rehearing Denied Sept. 12, 1985.

Douglas R. Larson, Dallas, Tex., for plaintiff-appellant.

Joseph G. Werner, 1st Asst. City Atty., Sam A. Lindsay, Rhonda F. Hunter, Asst. City Attys., Dallas, Tex., for City of Dallas, A. Burgin & S. Padgett.

Strasburger & Price, W. Neil Rambin, Michael Jung, Dallas, Tex., for Skaggs Companies/American Stores, Inc.

Before CLARK, Chief Judge, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Frank Bodzin appeals the district court's dismissal by directed verdict, judgment upon verdict, and judgment notwithstanding verdict of his claims against two Dallas police officers, the City of Dallas, and Skaggs Companies, Inc. arising from an assertedly illegal arrest for trespass. Persuaded that even under Bodzin's version of the evidence, the officers had probable cause to arrest, we affirm.

I

Because the court entered judgment notwithstanding the jury's verdict for Bodzin on his 42 U.S.C. § 1983 claim of unconstitutional arrest against one officer, we review and here describe the evidence "in the light and with all reasonable inferences most favorable to" Bodzin. *Eyre v. McDonough Power Equipment, Inc.,* 755 F.2d 416, 419 (5th Cir.1985); *Boeing Co. v. Shipman,* 411 F.2d 365, 374 (5th Cir.1969) (en banc).

Bodzin, in an effort to gather signatures on petitions urging the Dallas City Council to grant a special property tax rate for homeowners, set up a chair, card table and signs on a sidewalk and grassy area adjoining the parking lot of a shopping center on Mockingbird Lane in Dallas. He did not enter the parking lot, but rather remained at his table and asked approaching passersby if they would sign the petition.

After about two hours, the manager of the Skaggs Alpha Beta grocery store at the shopping center demanded that Bodzin leave. Bodzin refused, stating that he was on public property and was exercising his constitutional rights. The manager called the police; Alonzo Burgin was the first officer to arrive. The store manager told Burgin that Bodzin was on Skaggs Companies property and had refused to leave. Burgin told Bodzin that the manager wanted him to leave but he refused. Officer Steven Padgett then arrived and discussed the situation with the other participants. When the officers told the store manager that Bodzin had refused to leave, the manager asked them to arrest Bodzin. The

officers told Bodzin that he was under arrest for criminal trespass, handcuffed him, and took him to the police station, where he was booked for attempted criminal trespass, a class C misdemeanor. The charges were later dropped.

Bodzin sued the two officers, the City of Dallas, and Skaggs Companies, Inc., asserting § 1983 claims for unconstitutional arrest, use of excessive force, infringement of First Amendment rights, and conspiracy to violate his constitutional rights, as well as pendent state-law claims for false arrest, malicious prosecution, and libel and slander. The district court granted a directed verdict for the City of Dallas on all counts, for Skaggs on all claims except common-law false arrest, and for the officers on all claims except unconstitutional arrest, use of excessive force, and common-law false arrest.

At the jury trial, Bodzin, the manager, and the officers each testified. The city surveyor testified that according to a city plat, Bodzin had been partly on public and partly on private property, but that a survey performed during the trial showed that the plat was in error and that Bodzin had been located entirely on the public right-of-way. Finally, Bodzin called a retired Dallas police officer, William Ira Trantham, the elderly father of the law partner of Bodzin's counsel. Trantham testified that in a non-emergency situation where a decision to arrest a suspect would depend on whether the suspect was on public or private property, a reasonably prudent police officer would do nothing until checking with supervisors or county records.

The jury, answering special interrogatories, found that Burgin, but not Padgett, had violated Bodzin's right not to be deprived of liberty without due process of law by reason of the arrest. The jury found that Burgin had not acted in good faith, and awarded Bodzin $10,000 on this claim. The jury further found that Burgin and Skaggs had falsely arrested or imprisoned Bodzin under state law, but awarded no damages on these claims. All other claims were resolved adversely to Bodzin. The court entered judgment on the verdict for Padgett and Skaggs, and, without opinion, granted Burgin's motion for judgment notwithstanding the verdict. On appeal, in addition to challenging the district court's j.n.o.v. grant, Bodzin contests the court's failure to award damages against Skaggs, its submission of the good-faith issue to the jury, and its refusal to submit jury issues on municipal liability, civil conspiracy, malicious prosecution, and infringement of First Amendment rights. We are persuaded that the controlling issue of this appeal is the legality of the arrest and we turn directly to that issue.

## II

■ A warrantless arrest violates a suspect's Fourth and Fourteenth Amendment rights if the arresting officer lacks probable cause to believe that the suspect has committed a crime. *Trejo v. Perez,* 693 F.2d 482, 488 & n. 10 (5th Cir.1982). Under Texas law, for a warrantless misdemeanor arrest to be valid, the officer must have probable cause to believe that the suspect has committed a crime *in his presence.* *Carlock v. State,* 609 S.W.2d 787, 790 (Tex. Crim.App.1980); Tex.Code Crim.Proc. art. 14.01(b) (Vernon 1977).

The Texas criminal trespass statute reads in relevant part:

A person commits an offense if he enters or remains on property or in a building of another without effective consent and he:
(1) had notice that the entry was forbidden; or
(2) received notice to depart but failed to do so.

Tex.Penal Code § 30.05(a) (Vernon Supp. 1985). When the officers arrived on the scene, the manager told them that Bodzin was on Skaggs property, had been asked to leave, and had not done so. The officers observed Bodzin on a site that the manager said was private property, and heard Bodzin refuse to leave after being told that he was not welcome. Burgin and Padgett then had probable cause to believe that Bodzin had committed all the elements of criminal trespass in their presence. Bod-

zin's argument that the manager had to formally tell Bodzin to leave in the presence of the officers is without merit. The officers knew from what they had been told at the scene that Bodzin was remaining at his table despite the manager's opposition. They saw Bodzin there. No more was required.

Bodzin contests the conclusion that under the undisputed facts the arrest was supported by probable cause. Bodzin first says that as a matter of law, the officers could not have reasonably believed him to be trespassing without first ascertaining the location of the property line from official sources, and thus did not have probable cause to believe that he was on private property. He essentially proposes this search as an additional element of probable cause in such property cases. We decline to engraft such a universal insistence upon the essentially ad hoc inquiry into probable cause. In *Saldana v. Garza*, 684 F.2d 1159 (5th Cir.1982), *cert. denied*, 460 U.S. 1012, 103 S.Ct. 1253, 75 L.Ed.2d 481 (1983), a § 1983 false-arrest case in which the plaintiff had been arrested for public intoxication despite his contention that he was standing in his own driveway, we affirmed a judgment for the defendant officers, adding:

> Certainly we cannot expect our police officers to carry surveying equipment and a Decennial Digest on patrol; they cannot be held to a title-searcher's knowledge of metes and bounds or a legal scholar's expertise in constitutional law.

684 F.2d at 1165 (Goldberg, J.).

In any event, Bodzin argues, this case differs from *Saldana* because of Trantham's testimony that a reasonable officer would have checked official sources for the location of the property line before making this arrest. This testimony supports the jury's finding that Burgin acted without probable cause, Bodzin continues, and the district court erred in ignoring it and granting judgment notwithstanding the verdict.

Giving to Trantham's sometimes confusing testimony the most favorable reading in support of the jury verdict, two possible interpretations emerge. First, although it does not appear to be the case, the jury might have inferred that Trantham was expressing a legal opinion that Burgin and Padgett did not have probable cause to arrest Bodzin. If so, its dubious relevance aside, it was not competent proof. The judge is the source of the law and the only expert needed by a jury. *United States v. Burton*, 737 F.2d 439, 443–44 (5th Cir. 1984). Regardless, Trantham's own statements show that he was not qualified to express an opinion regarding the legal content of probable cause. Trantham admitted that he did not know the elements of criminal trespass. When asked to define "probable cause," he said: "Well, I could best describe it as being a number of things of the nature that probably happened. Going further, you'd say it probably didn't happen."

Trantham's statements on cross-examination showed that his view that a reasonable officer would not have made this arrest rested on a belief that no arrest should ever be made unless the officer has certain, rather than probable, cause, and that in disputes regarding property boundaries a police officer must check city map and plat records before making an arrest.

Q. [Counsel for City of Dallas]: If [an officer] is making an arrest and he is reasonably certain of the facts, isn't that all that's required of him with respect to probable cause?

A. [Trantham]: That's all.

Q. He doesn't have to be absolutely certain; isn't that correct?

A. No, sir. He has to know what he's doing. He has to be absolutely certain.

Q. Absolute certainty is not a definition of probable cause, is it?

A. To me and to my experience maybes didn't count when you come to arrest someone. You've got to know—I've heard so many times you've got to know beyond a reasonable doubt.

Q. You are saying that you have to know beyond a reasonable doubt before you can arrest someone?

A. If I did not know that you had violated the law ... I would not arrest you, and I always told the men that I trained not to arrest somebody if they didn't know they had violated the law.

Police officers, contrary to Trantham's view, are not required to be absolutely certain before making an arrest. If that was Trantham's opinion it was no more worthy of jury consideration than would be the opinion of an "expert" witness in a Fourteenth Amendment race discrimination case that discriminatory intent need not be proved. Admitting Trantham's opinion into evidence did not make it competent. To the extent he was expressing a legal opinion he furnished no evidence, only law, and incorrect law at that.

A second possible interpretation by the jury of Trantham's testimony is regardless of whether or not probable cause existed, a reasonable police officer ought not to have made an arrest without checking map and plat records for the exact location of property boundaries. There is no legal requirement that police officers arrest whenever they have legal cause. Rather, the executive task of law enforcement carries a range of discretion ultimately exercised daily by police officers on their beat. Given the sort of nonviolent property dispute presented here, Trantham's view that a reasonable officer would not have chosen to arrest Bodzin makes sense. Read this way, however, Trantham's opinion has no probative value on the question of whether probable cause existed for this arrest. Rather, it was no more than a difference over a discretionary decision, without relevant legal consequences.

In short, however the jury may have viewed Trantham's testimony, it cannot support the implicit finding of no probable cause. Because the evidence apart from Trantham's testimony conclusively demonstrated that probable cause existed, the district court properly refused to enter judgment for Bodzin on the jury verdict.

Bodzin argues that even if he was on Skaggs property, the police were not authorized to arrest him there because the site was "public in character," affording him

First Amendment protection. This contention is foreclosed by the Supreme Court's decisions in *Hudgens v. NLRB*, 424 U.S. 507, 96 S.Ct. 1029, 47 L.Ed.2d 196 (1976) and *Lloyd Corp. v. Tanner*, 407 U.S. 551, 92 S.Ct. 2219, 33 L.Ed.2d 131 (1972). *Hudgens* and *Lloyd* also dispose of Bodzin's contention that he is entitled to damages for violation of his First Amendment rights regardless of the statutory validity of the arrest. *See Rains v. Mercantile National Bank*, 599 S.W.2d 121 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.).

### III

■ The arrest of Bodzin was lawful as a matter of law, and he cannot recover under § 1983 from any defendant. We need not discuss good faith, municipal liability, or conspiracy. The lawfulness of the arrest is also a complete defense to Bodzin's state-law claims of false imprisonment, *see James v. Brown*, 637 S.W.2d 914, 918 (Tex.1982), and malicious prosecution, *see Adcox v. Safeway Stores, Inc.*, 512 F.Supp. 452 (N.D.Tex.1980); *Lloyd v. Myers*, 586 S.W.2d 222, 227 (Tex.Civ.App.—Waco 1979, writ ref'd n.r.e.). We therefore AFFIRM the judgment in favor of all defendants.