Robert Wayne HICKS, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–87–115 CR.

Court of Appeals of Texas, Beaumont.

May 25, 1988.

Rehearing Denied June 29, 1988.

Dennis Powell, Orange, for appellant.

Kerry M. Klintworth, First Asst. Co. Atty., Orange, for appellee.

## OPINION

BROOKSHIRE, Justice.

Appellant was indicted for burglary of a habitation, and he filed a motion to suppress evidence seized by police officers. The trial court overruled the motion to suppress after a pre-trial hearing. Pursuant to a plea bargain agreement he pleaded nolo contendere to the indictment and was found guilty by the trial court. Appellant pleaded true to two enhancement allegations, and the trial court assessed punishment of twenty-five years confinement in the Texas Department of Corrections.

On September 30, 1986, Detective Charles Myers of the Nederland Police Department received a phone call from Police Chief Lattimer of Hemphill, Texas. Lattimer told Myers that he had an arrest warrant for Robert Hicks whom he believed to be residing in trailer number eight in a trailer park on Avenue H at 27th Street in Nederland. Myers asked for and received the warrant number and then proceeded with other Nederland police officers to the trailer where Hicks was expected to be. When Myers knocked on the trailer, appellant came outside, followed by Faye Inge, the owner of the trailer.

When appellant identified himself, Detective Myers informed him that he was under arrest for armed robbery (the offense for which the warrant had issued). Appellant was then informed of his "Miranda" rights and handcuffed. Faye Inge then advised the officers that there was some merchandise on the other side of her car which had been stolen. She also stated that she had made "Robert" remove these items from her house. Myers then went to the other side of the car where he found some stereo equipment partially covered by a blanket or a tarpaulin. Myers testified that much of the stolen property was uncovered and that passersby on the street could easily see it.

Detective Myers then asked appellant whether the items belonged to him. Appellant stated that the items were not his and that the owners of the property were "coming after it in a green van." The police officers then seized the items and took them to the Nederland police station.

Under cross-examination by defense counsel, Myers stated that he did not know whether there was probable cause for the issuance of the warrant from Hemphill. He stated he did not know whether the warrant was supported by the required documentation. Myers also stated that he was relying completely upon the validity of the warrant when he went to look for appellant at the trailer park. At the motion to suppress hearing, the State stipulated that the arrest warrant executed by Detective Myers was not supported by an affidavit.

■ By his sole point of error, appellant argues that the trial court erred in denying his motion to suppress. The motion to suppress stated that the search was illegal because it violated the Fourth Amendment to the United States Constitution and Article I, section 9 of the Texas Constitution. At the hearing on the motion, appellant argued that the search violated state and federal constitutional provisions against unreasonable searches and seizures. Appellant's brief on appeal, however, does not specify what law the search or seizure violated.

It is well settled that what a person knowingly exposes to public view is not subject to Fourth Amendment protection. *McCall v. State*, 540 S.W.2d 717, 720 (Tex. Crim.App.1976); *Wilkerson v. State*, 644 S.W.2d 911, 912 (Tex.App.—Fort Worth

1983, pet. ref'd). Officer Myers testified that many of the items seized were open to public view from the street. The trial court apparently credited Myer's testimony, and the court also heard evidence that Ms. Inge had told Myers that she had made "Robert" remove the items from her house. Appellant disclaimed any interest in the items seized. We therefore hold that, under these circumstances, the trial court could have reasonably concluded that the seizure of the items did not violate appellant's rights under the Fourth Amendment or the Texas Constitution because appellant had exposed the items to public view.

■■■■■ The arrest warrant executed by Detective Myers was invalid because it was not based on a valid complaint or affidavit showing probable cause to believe that appellant had committed an offense. *See TEX.CODE CRIM.PROC.ANN. art. 15.-03(a)(2)* (Vernon 1977); *see also Kosanda v. State,* 727 S.W.2d 783 (Tex.App.—Dallas 1987, no pet.). The exclusionary rule bars the State from using the indirect as well as the direct product of unconstitutional conduct. *See United States v. Calandra,* 414 U.S. 338, 347, 94 S.Ct. 613, 619, 38 L.Ed.2d 561 (1974); *Nicholas v. State,* 502 S.W.2d 169, 172–173 (Tex.Crim.App.1973).

At the trial on the merits, Tyrrell Wayne Aldrich's testimony was admitted by stipulation of the parties. The record from the trial on the merits reveals that during a phone conversation, on September 30, 1986, appellant admitted to Aldrich that he was in possession of the property Aldrich had discovered missing from his home that morning. Aldrich had discovered that someone entered his home without his permission early in the morning hours of September 30, 1986. Appellant told Aldrich to come get the property. When Aldrich arrived at appellant's residence in Nederland at approximately 4:30 p.m., Nederland police officers informed him that he could identify and collect his property at the Nederland police station. Aldrich went to the police station and recovered most of the property taken from his home.

The record seems to reflect that the Nederland police discovered that Mr. Aldrich was the owner of the property found near appellant's residence as a result of executing the invalid arrest warrant. Therefore, we would ordinarily be obliged to decide next whether Mr. Aldrich's testimony was obtained by means which are sufficiently distinguishable from the primary taint caused by the arrest of the appellant under an invalid warrant. *See Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). However, in the present case, we find that the Nederland police officers acted in good faith and in reasonable reliance upon a warrant in executing appellant's arrest. Therefore, we believe it is proper to evaluate the degree by which police misconduct tainted the testimony of Aldrich from the vantage point of the officers who executed the warrant. *See United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). We take this view because the purpose of the exclusionary rule is "to deter police misconduct rather than to punish the errors of judges and magistrates." *Id.* at 916, 104 S.Ct. at 3417, 82 L.Ed.2d at 694.

In deciding whether to exclude a witness's testimony under the "fruit of the poisonous tree doctrine," the court must consider:

(1) the likelihood that the witness would have freely come forward to testify;

(2) the circumstances surrounding the initial questioning of the witness which will indicate whether he desired to cooperate;

(3) the directness of the link between the primary illegality and the discovery of the witness.

*United States v. Ceccolini,* 435 U.S. 268, 98 S.Ct. 1054, 55 L.Ed.2d 268 (1978). As to the first factor, it is relevant and important that Aldrich was not a subject of this prosecution. *See id.* at 276, 98 S.Ct. at 1060, 55 L.Ed.2d at 277. Furthermore, Aldrich was the victim of this burglary, which would indicate a greater likelihood that he would have freely come forward to testify. As to the second factor, it is apparent that Aldrich took immediate efforts to discover who took his property and to recover it. This would also indicate that he would have

voluntarily cooperated with the police had these efforts been less successful. Finally, we find that the only knowing or negligent police misconduct revealed in the record was evidently committed by unknown officers, possibly in Sabine County (where Hemphill is located). Between this police misconduct and the obtaining of Aldrich's testimony, there were important intervening factors.

For instance, had Ms. Inge not informed Detective Myers that there was stolen property nearby, it appears it would have never been discovered by the police to have been stolen. Myers stated that he had not even noticed the items until Ms. Inge informed him of their presence. Appellant then stated that the items were stolen and that the owners were coming to get them. Appellant even described the vehicle in which Aldrich would arrive. Then Aldrich arrived due to a conversation with appellant on the phone. There is absolutely nothing in the record to indicate that the warrant was issued or executed with the intention of discovering any evidence of this crime.

Therefore, we hold that Aldrich's testimony was sufficiently removed from the primary taint to be properly admitted in evidence and considered by the trial court. The only other evidence admitted by the trial court was that of Donna Alexander, which was substantially the same as Aldrich's testimony. We find that her testimony was also sufficiently independent of and distinguished from the initial police misconduct as to be properly admitted in evidence.

We have decided the issues raised in this case under the standards called for under the United States Constitution and the Texas Constitution. We have done so because, in the trial court, appellant relied on the rights guaranteed by the fourth amendment to the United States Constitution and Article I, section 9 of the Texas Constitution exclusively. Furthermore, the Court of Criminal Appeals has generally chosen to interpret the Texas Constitution in har-

mony with the United States Supreme Court's interpretations of the Fourth Amendment. *E.g. Brown v. State*, 657 S.W.2d 797, 798 (Tex.Crim.App.1983) (plurality opinion). Finding no logical reason to do otherwise, we hold that the "good faith" exception to the exclusionary rule as set out in *Leon* also exists under the exclusionary rule under Article I, section 9 of the Texas Constitution.

It is axiomatic that grounds urged for reversal on appeal must comport with the objections made at trial or nothing is presented for review. *See White v. State*, 543 S.W.2d 366, 369 (Tex.Crim.App.1976); *Nelson v. State*, 607 S.W.2d 554, 555 (Tex. Crim.App.1980). Therefore, we do not consider whether the exclusionary rule set out in the Texas Code of Criminal Procedure as it existed when the evidence was seized would call for a different result. *See* Texas Code of Criminal Procedure Act, Ch. 722, Art. 38.23, 1965 Tex.Gen. Laws 470, *amended by* Texas Code Criminal Procedure, Ch. 546, Sec. 1, 1987 Tex.Gen. Laws 2208.[1]

For these reasons the appellant's point of error is overruled. The judgment of the trial court is affirmed.

AFFIRMED.

---

**1.** The legislature amended *Article 38.23* to include a "good faith" exception which is to apply only to those searches or seizures occurring on or after September 1, 1987, the effective date of the amendment.