**Irvan Keith BEVERLY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–88–202–CR.**

Court of Appeals of Texas,
Beaumont.

Jan. 11, 1989.

Rehearing Denied Jan. 18, 1989.

William G. Martin, Jr., Beaumont, for appellant.

John R. DeWitt and Tom Maness, Beaumont, for appellee.

## OPINION

BURGESS, Justice.

This is an appeal from a conviction for possession of a controlled substance, cocaine, less than twenty-eight grams.

Appellant's first point alleges the trial court committed error in denying a motion to suppress evidence seized as the result of an illegal warrantless arrest. Appellant was arrested for criminal trespass when he drove his car into the common parking lot of an apartment complex. Officers found cocaine in appellant's clothing during a search after the arrest. The arresting officer, Mark Hogue, testified the management at the apartment complex had been having problems with loiterers. City police officers, including Hogue, routinely patrolled the complex and accompanied the manager while she "trespass warned" loiterers, which Hogue defined as "telling them in front of us that she did not want them back on the property." The manager supplied the officers, including Hogue, with a list of people who had been trespass warned in the presence of police officers. Hogue stated that when the appellant drove up, the manager told him she had trespass warned appellant. Hogue then checked his list and found appellant's name there. He arrested appellant as he was getting out of his car without questioning him.

■ A person commits criminal trespass if he enters or remains on another's property without effective consent and he had notice that the entry was forbidden or received notice to depart but did not. *TEX. PENAL CODE ANN. sec. 30.05(a)* (Vernon Supp.1988). Notice is defined as:

(A) oral or written communication by the owner or someone with apparent authority to act for the owner;

(B) fencing or other enclosure obviously designed to exclude intruders or to contain livestock; or

(C) a sign or signs posted on the property or at the entrance to the building, reasonably likely to come to the attention of intruders, indicating that entry is forbidden.

*TEX.PENAL CODE ANN. sec. 30.05(b)(2).*

The state contends that appellant's warrantless arrest was lawful under *TEX. CODE CRIM.PROC.ANN. art. 14.01* (Vernon 1977), which provides that a peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view. Appellant argues inferentially that the officer was not authorized under article 14.01 to make the warrantless arrest because he was not present when the owner gave appellant notice and, therefore, the offense was not committed in his presence.

■ This case presents an issue of first impression: Does the presence of a person at a place within the arresting officer's view coupled with a hearsay report that the person had been given notice constitute probable cause to believe trespass is being committed in the officer's presence? The fifth circuit has upheld, under Texas law, a warrantless arrest for criminal trespass upon an officer's reasonable belief of a complainant's representation that defendant was on complainant's property, although the facts later revealed that he was on public property. *Bodzin v. City of Dallas,* 768 F.2d 722 (5th Cir.1985). The missing element under the trespass statute in *Bodzin* was "property of another." There, the officer could look at the layout of the property grounds and assess from his own observation and knowledge the probability that the offender was standing on store grounds. The missing element in this case, notice, was not one the officer could assess from his own perceptions, but required reliance upon information provided by the manager. Generally, an officer has probable cause to arrest when the facts and circumstances within his knowledge and of which he had reasonably trustworthy information would warrant a reasonable and prudent person's believing that a particular person has committed or is committing a crime. *Lewis v. State,* 598 S.W.2d 280, 284 (Tex.Crim.App.1980). For a warrantless arrest pursuant to article 14.01, however, probable cause for arrest must arise from

facts within the arresting officer's own knowledge and observations, not from hearsay information. Appellant's point of error is sustained. It is unnecessary to reach appellant's second point of error. The judgment is reversed and remanded for a new trial.

REVERSED AND REMANDED.

BROOKSHIRE, Justice, dissenting.

With respect, this dissent is filed.

The record on the Motion to Suppress clearly shows that the location in question was a high crime area. The area involved was known as the Virginia Village Apartments. There existed, at these apartments, a problem with trespassers and loiterers some of whom played a part in the drug scene. The problem was severe because it was enhanced and aggravated by so much trafficking with drugs that the management of the apartment simply had to do something to counteract the trafficking with illegal drugs. Hence, the management warned certain persons to stay off the property of the Virginia Village Apartments, including one Irvan Keith Beverly, Appellant herein. Beverly had been specifically warned and told to stay off of the property in question. This warning was given in September. The manager of the apartments saw Beverly the following October. On October 15th, the manager told a police officer that Beverly had been properly warned to stay off the property but he was on the premises. The September warning from the manager to Beverly had been given to Beverly in person and, actually, face to face, and in front of an officer. No consent had been given permitting Beverly to return to the apartments.

About 9:00 o'clock P.M., on October 15, 1987, a policeman was at the Virginia Village Apartments. He knew that it was a high crime area. The police officer was speaking to two males and the manager of the apartment that night, concerning the problem of trespassing and other problems. The two males had been standing on the premises of the apartments and had been drinking. The manager did not want these two males on the property. While this dialogue was proceeding, Beverly drove up and into the premises of the Virginia Village Apartments. Almost immediately, the manager said that Beverly had been previously warned about his forbidden trespassing. The manager knew Beverly by name. Then the officer looked at the list, that had been provided to him previously, and the name of the Appellant, Beverly, appeared as having been one definitely previously warned.

After further checking this matter with his list and his own observation of the facts, as well as checking the warning matter again with the manager, the officer then placed Beverly under arrest.

Under all the surrounding circumstances, it is clear that the officer certainly acted in good faith. Certainly a reasonable person, acting under the same surrounding circumstances, would reasonably and justifiably reach the conclusion that Beverly was trespassing and had been previously warned not to do so.

When Beverly was taken to the Jefferson County Jail, the arresting officer stood by and observed a jailer search the Appellant. A hypodermic needle was removed from Mr. Beverly's pocket. There was a yellow-colored substance on the needle which had become a yellow, hardened, substance which definitely indicated to the arresting officer that the needle had been used in connection with drugs or narcotics, the most common use being with cocaine. The officer from previous experience knew this. Mr. Beverly had no prescription of any kind for the use of a hypodermic needle with any type of prescribed drug or medication.

After the needle was discovered with the yellow-colored, hardened, substance, a strip search was made, which the record shows was incidental to the lawful arrest and for inventory purposes. He was asked to remove his clothing, which he did. First, he removed an outer layer of pants. There was a second set of pants beneath. The officer observed the jailer removing four packages from the right front of the second set of pants. These so-called packages were like glassy bags. They were approxi-

mately one inch by one inch, zip lock, cellophane baggies. The officer, upon observing them, believed that each baggie contained six cocaine rocks per package. The cocaine rocks were described as approximately one-quarter inch square. They were generally beige in color. They were approximately 1/16th to 1/8th of an inch thick. Then, what was described as cocaine and the packages and the hypodermic syringe or needle were submitted to the property lab for examination by the Regional Crime Laboratory.

The manager's instructions and statements to the arresting officer were operative facts. They were made in Beverly's presence and hearing. These instructions and statements were not subject, when correctly analyzed, to the hearsay rule. Hence, under all the surrounding circumstances, the arresting officer did have probable cause to make the arrest. In fact, the manager actually approached Beverly and, in front of the officer and well within his hearing and his observation, told Beverly that he (Beverly) had been warned and instructed not to come back to the premises of the apartments. *See Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527, *reh. den.,* 463 U.S. 1237, 104 S.Ct. 33, 77 L.Ed.2d 1453 (1983); *Hicks v. State,* 753 S.W.2d 419 (Tex.App.—Beaumont 1988, no pet.)

The manager's statements were against Beverly's interest and called for a reply from him. Indeed, these statements demanded a reply. The statements were hostile to this accused. These operative fact instructions were made actually face-to-face toward the accused and, hence, under established criminal evidence rules, were not subject to the hearsay objection.

The Appellant, Mr. Beverly, took the stand in the suppression hearing. By way of impeachment, the State showed that Mr. Beverly was convicted of robbery in January of 1983, in Jefferson County and he was also convicted in August of 1986 of forgery in the very same court. He also acknowledged on the stand at one point that the manager of the apartment complex

had warned him not to trespass and forbade him to do so.

A lawful arrest, without a warrant, exists if an offense is committed in the presence, or within the view, of a peace officer. Another basis or grounds for a lawful warrantless arrest is that there is a reasonable belief on the part of the police officer that an individual either threatens or is about to commit some offense against the law. In other words, probable cause would exist if the arresting officer believed that a person was committing an offense or was about to commit an offense or threatened to commit an offense. The officer here, of course, had a reason to believe that Beverly was committing the offense of criminal trespass.

The trial court made Findings of Fact and Conclusions of Law on the Motion to Suppress and found that the Appellant, when arrested, was in possession of the items listed in his own Motion to Suppress and that he had been previously warned by the apartment manager and had been admonished not to enter the premises and that this information had been given to the arresting officer prior to the Appellant's arrest. The trial court concluded the arresting Officer Hoag had probable cause to believe that the accused had committed the offense of criminal trespass in the officer's presence, under *TEX.PENAL CODE Sec. 30.05* (Vernon Supp.1989) and *TEX.CODE CRIM.PROC.ANN. Art. 14.01* (Vernon 1977). The trial judge arrived at a conclusion of law that the arrest and search of the accused were, under the whole record, legally authorized and the evidence was obtained lawfully and the same would be admissible at the trial of the case, citing *Bodzin v. City of Dallas,* 768 F.2d 722 (5th Cir.1985). I think the trial judge, who had the chance to observe the actions, the facial expressions, the demeanor, the tone of voice and the ring of the answers, had a better opportunity to carefully observe the witnesses and was in a much superior position to weigh their credibility.

The other opinion states that the central question in this appeal is: "Does the presence of a person at a place within the

arresting officer's view coupled with a hearsay report that the person had been given notice constitute probable cause to believe trespass is being committed in the officer's presence?" The other opinion concedes that the United States Court of Appeals for the Fifth Circuit has held, applying Texas law, that a warrantless arrest for criminal trespass is unlawful upon an officer's reasonable belief of a complainant's representation that the then defendant was on the complainant's property as a trespasser.

The other opinion concedes that probable cause for arrest arises from facts within the arresting officer's own knowledge and observation but not from "hearsay" information. I respectfully disagree because of the unusual record in this case; an important distinction exists. It is correct that the mere presence of a person at the time an offense is committed at its scene without any other evidence is insufficient to support a conviction. *Beardsley v. State,* 738 S.W.2d 681 (Tex.Crim.App.1987). Nevertheless, the presence of a person at the scene of a criminal offense combined with certain other incriminatory or inculpatory evidence or testimony is sufficient to sustain a conviction. *Thompson v. State,* 697 S.W.2d 413 (Tex.Crim.App.1985); *Thomas v. State,* 645 S.W.2d 798 (Tex. Crim.App.1983).

The crucial issue here is whether the Appellant, Beverly, had been warned about his trespasses at the apartment complex in question. The "trespass warned" loiterers were described as those loiterers or trespassers who had been warned by the apartment complex manager in front of and in the presence of city police officers, the manager definitely advising these loiterers and trespassers that they were not to come back on the property. These warnings were triggered by the circumstance that the apartment complex and especially the parking lot thereof had become a serious and crucial problem area involving dope or narcotics trafficking. I definitely perceive that the Appellant clearly had notice and that the other opinion misapplied the hearsay rule, resulting in a baseless, useless reversal. Where a statement or remark is made in a defendant's presence, which he understood and which called for a reply, as here, his silence or acquiescence "may be shown as an admissible fact or even as a confession on his part where the same defendant is not at that time under arrest". *Crestfield v. State,* 471 S.W.2d 50 (Tex. Crim.App.1971); *Smith v. State,* 635 S.W. 2d 591 (Tex.App.—Dallas 1982, no pet.). The rule in *Crestfield* and *Smith, supra,* applies here. This is true because of the fact that the statement was made in the presence of Beverly and it was a statement adverse to his interest and it inculpated him, calling for a reply. He understood he was being accused of criminal trespass. He remained silent, making no reply.

Here, of course, the conviction of Beverly was for the possession of a controlled substance, namely, cocaine, but the gravamen of Beverly's appeal is that the trial court erroneously denied a motion to suppress the evidence, being the cocaine, which was seized as a result of an arrest which was warrantless; but the arrest was lawful and so was the search. *Slaughter v. State,* 439 S.W.2d 836 (Tex.Crim.App. 1969); *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Indeed, the reasonable, prudent, dedicated officer could and should consider this: that where a statement or remark is made in the accused's presence where he (the accused) understood and which called for a reply, then his silence may be shown also as a confession.

Furthermore, the officer had probable cause to make a lawful arrest since he had trustworthy information which would warrant and amply justify a reasonable, prudent person's belief that a particular person had committed or was in the process of committing a crime. *Illinois v. Gates, supra; Lewis v. State,* 598 S.W.2d 280 (Tex. Crim.App.1980).

Pursuant to the reasons and authorities set out above, I must respectfully dissent.