**Irvan Keith BEVERLY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–88–202 CR.**

Court of Appeals of Texas,
Beaumont.

Aug. 29, 1990.

William G. Martin, Jr., Beaumont, for appellant.

Tom Maness, Dist. Atty., John R. De-Witt, Asst. Dist. Atty., Beaumont, for State.

## OPINION ON REMAND

BURGESS, Justice.

This is an appeal from a conviction for possession of a controlled substance, cocaine, less than twenty-eight grams. The jury found the enhancement allegations true and assessed punishment at forty years' confinement in the Texas Department of Corrections. This court reversed and remanded, 764 S.W.2d 353 (Tex.App.— Beaumont 1989). The court of criminal appeals reversed this court, 792 S.W.2d 103 (Tex.Crim.App.1990), and remanded for consideration of appellant's second point of error.

Appellant was arrested for criminal trespass when he drove his car into the common parking lot of an apartment complex. Officers found cocaine in appellant's clothing during a search after the arrest. The arresting officer, Mark Hogue, testified the apartment manager routinely accompanied police officers around the complex and "trespass warned" loiterers to leave the premises. The manager supplied the officers with a list of the persons so warned. Hogue stated that when appellant drove up, the manager told him she had trespass warned appellant. Hogue then checked his list and found appellant's name there. He arrested appellant without questioning him.

Appellant complains the trial court erred in admitting hearsay testimony before the jury over appellant's objection. The specific testimony complained of is Officer Hogue's account of his conversation with the apartment manager that she had "trespass warned" appellant.

An out of court declaration is hearsay if it is offered in evidence to prove the truth of the matter asserted. TEX.R.CRIM. EVID. 801(d). A statement is offered for "the truth of the matter asserted" if the probative value of the statement flows from the declarant's belief as to the matter. TEX.R.CRIM.EVID. 801(c). The testimony was not concerned with whether the

manager had in fact "trespass warned" appellant but concerned what caused the officer to check his list.

The testimony was relevant to show the circumstances surrounding the discovery of the cocaine in appellant's possession. It was not evidence of any element of the offense charged, possession of a controlled substance. Appellant complains the out of court statement of the apartment manager was the only evidence of the element of notice required by the trespass statute, TEX.PENAL CODE ANN. sec. 30.05 (Vernon 1989). The state was not required to prove the elements of criminal trespass beyond a reasonable doubt, but was only required to establish probable cause for the arrest. The court of criminal appeals has ruled the state met that burden. Admission of the evidence was harmless beyond a reasonable doubt. TEX.R.APP.P. 81(b)(2). Point of error two is overruled and the judgment affirmed.

AFFIRMED.

BROOKSHIRE, Justice, concurring.

This concurring opinion is readily filed. I cordially agree with the Opinion on Remand authored by Justice Don Burgess. Additional points of view are spelled out in a Dissent filed by the undersigned on January 11, 1989. The dissent was from a previous opinion of the court which reversed the judgment of conviction and remanded the cause. *See Beverly v. State*, 764 S.W.2d 353, at page 355 (Tex.App.— Beaumont, 1989).