# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20464

United States Court of Appeals
Fifth Circuit

**FILED**
April 14, 2015

Lyle W. Cayce
Clerk

TAMMY K. COOPER,

Plaintiff-Appellant

v.

CITY OF LA PORTE POLICE DEPARTMENT; ONE UNKNOWN OFFICER OF CITY OF LA PORTE POLICE DEPARTMENT; CITY OF LA PORTE; OFFICER M. DAVIDSON,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-2651

Before JONES and HAYNES, Circuit Judges, and CRONE, District Judge.[*]

PER CURIAM:[**]

Plaintiff Tammy Cooper appeals the summary judgment on her 42 U.S.C. § 1983 claims in favor of the Defendants, the City of La Porte and one of its police officers.  We AFFIRM.

---

[*] District Judge for the Eastern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20464

## I. Background

One evening Cooper's neighbor called the La Porte Police Department to report that Cooper's two children, believed to be five years of age or younger, were riding motorized scooters on a neighborhood street without adult supervision. Officers Davidson and Henson of the La Porte Police Department responded to the scene at approximately 10:01 p.m.

Davidson spoke to Cooper in her driveway and informed her of the report. Cooper stated that she was outside watching her children while they rode scooters. During this conversation, Cooper's garage door was open and Davidson observed that the rear lift gate on Cooper's vehicle was raised. Davidson touched the hood of the vehicle and noticed that it was hot to the touch. At some point during this interaction, Cooper's adult son came outside and unloaded a twelve pack of Dr. Pepper from the car. From these facts, Davidson inferred that Cooper might have been at the grocery store when her children were playing in the street.

While Davidson was speaking with Cooper, Henson spoke with the neighbor and another witness who informed Henson that she was driving her vehicle on a neighborhood street and nearly struck Cooper's young daughter, who darted out in front of her on a motorized scooter. The witness stated that Cooper's young son was also on the street riding a motorized scooter at the time, and the two children were not supervised by an adult. The neighbor confirmed that she witnessed these events and that they occurred shortly before she called to report the situation to the police.

Henson relayed this information to Davidson, who informed Cooper of these accounts. Cooper denied that her daughter was almost struck by a vehicle. Davidson asked Cooper of her whereabouts during the time the children were riding their scooters and whether she had been to the grocery

2

store.  Cooper then stated that she was invoking her Fifth Amendment right not to answer questions.

Davidson called the Harris County District Attorney's Office and informed an Assistant District Attorney of the information he had obtained at the scene.  The Assistant District Attorney agreed with Davidson that there was probable cause to arrest Cooper for abandoning or endangering a child and authorized charges against Cooper.  Davidson arrested Cooper and left her children under the supervision of Cooper's adult son after consulting with Cooper and the son.  A grand jury indicted Cooper, but charges were later dismissed.

The foregoing facts—as to what Davidson observed or was told by others at the scene—are not disputed by Cooper.  There is a dispute, however, as to whether Cooper's children were outside at the time Davidson arrived.  Cooper also disputes some of the eyewitness accounts of what happened.

Cooper sued the City of La Porte and Davidson pursuant to 42 U.S.C. § 1983.[1]  She alleged that Davidson arrested her without probable cause in violation of the Fourth Amendment and that the City failed to properly train its police officers.  The Defendants filed a motion to exclude the report of Cooper's expert witness and a motion for summary judgment as to both claims.  The magistrate judge granted the motion to exclude the report of Cooper's expert witness and recommended that the district court grant the motion for summary judgment.  The district court adopted the magistrate judge's recommendation and entered final judgment.  Cooper timely appealed.

---

[1]  Cooper initially filed suit against one of the witnesses, the City of La Porte Police Department, and One Unknown Officer.  Cooper later dismissed her claims against the witness, and amended her complaint to substitute the City of La Porte for the City of La Porte Police Department and Davidson for One Unknown Officer.

No. 14-20464

## II. Discussion

We review the district court's grant of summary judgment de novo, construing all facts and evidence in the light most favorable to Cooper, the nonmoving party. *See EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 615 (5th Cir. 2009). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). We may affirm the district court's grant of summary judgment on any ground supported by the record and presented to the district court. *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008).

"We review a trial court's decision to exclude expert testimony for abuse of discretion." *Brown v. Ill. Cent. R.R.*, 705 F.3d 531, 535 (5th Cir. 2013). "[W]ith respect to expert testimony offered in the summary judgment context, the trial court has broad discretion to rule on the admissibility of the expert's evidence and its ruling must be sustained unless manifestly erroneous." *Hathaway v. Bazany*, 507 F.3d 312, 317 (5th Cir. 2007) (citation and internal quotation marks omitted).

*A. Exclusion of Expert Testimony*

Federal Rule of Evidence 702 allows testimony by a witness "qualified as an expert" if, inter alia, "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue" and the testimony is the product of the expert reliably applying principles and methods to the facts of the case. FED. R. EVID. 702. "[D]istrict courts are assigned a gatekeeping role to determine the admissibility of expert testimony" based on whether the evidence is reliable and relevant. *United States v. Ebron*, 683 F.3d 105, 138–39 (5th Cir. 2012) (citation and internal quotation marks omitted); *see Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 589 (1993).

Cooper sought to rely on the expert report of Lieutenant Eugene Kropff

of the Duncanville Police Department.  As the magistrate judge correctly recognized, "Kropff's first seven conclusions relate not to the issue of whether the totality of the facts and circumstances within Davidson's knowledge at the moment of arrest were sufficient to establish a fair probability that Plaintiff had committed an offense, but rather to whether Davidson conducted his investigation in line with what Kropff believed to be adequate procedures." Thus, the magistrate judge found that these first seven conclusions, while occasionally mentioning probable cause, do not examine the primary issue in the case—whether there was probable cause to conclude that Cooper committed the offense of child abandonment or endangerment.  The eighth conclusion, which does relate to probable cause, was based upon these seven conclusions rather than the result of a probable cause analysis.  A probable cause analysis determines those facts and circumstances known to the officer at the time of the arrest and analyzes whether a reasonable officer would conclude, based on those facts and circumstances, that there was a fair probability that an offense was committed.  *See United States v. Nunez-Sanchez*, 478 F.3d 663, 666 (5th Cir. 2007).

Cooper has failed to demonstrate that the determination to exclude this report because it would not assist the trier of fact was "manifestly erroneous." *Hathaway*, 507 F.3d at 317 (citation and internal quotation marks omitted). The report is unhelpful and conclusory.  *See Bodzin v. Dallas*, 768 F.2d 722, 726 (5th Cir. 1985) (holding an expert witness's conclusion that he would have conducted an investigation and arrest differently was irrelevant to whether there was probable cause); *see also Benavides v. Cnty. of Wilson*, 955 F.2d 968, 973 (5th Cir. 1992) (holding expert testimony was properly excluded where it simply provided assertions and did not describe the applicable standards or

how those standards were not met).  We conclude that the exclusion of the report was not reversible error.

*B. False Arrest Claim*

Cooper asserts a false arrest claim against Davidson under § 1983, and Davidson contends that Cooper's claim is barred by qualified immunity.  "The Fourth Amendment requires that an arrest be supported by a properly issued arrest warrant or probable cause." *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001).  "Probable cause exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense.  The police officer's knowledge must establish that there was a fair probability that a crime occurred." *Nunez-Sanchez*, 478 F.3d at 666–67 (citations and internal quotation marks omitted).  A fair probability is defined as more than bare suspicion but not necessarily fifty-percent probability. *Id.* at 667.

"When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense" by showing: (1) "the defendant[] committed a constitutional violation under current law"; and (2) "the defendant['s] actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of." *Crostley v. Lamar Cnty.*, 717 F.3d 410, 422 (5th Cir. 2013) (citation and internal quotation marks omitted).  Thus, as applied to a warrantless arrest, officers are entitled to qualified immunity unless there was not probable cause for the arrest and a reasonable officer in their position could not have concluded that there was probable cause for the arrest. *See id.* at 422–23.

Cooper was arrested for the state offense of abandoning or endangering a child. *See* TEX. PEN. CODE ANN. § 22.041(a)–(c) (West 2011).  The following undisputed facts were within Davidson's knowledge at the time of arrest: (1) a

neighbor called the police at 9:56 p.m. and reported that Cooper's two children, appearing to be five years of age or younger, were riding motorized scooters on a street at night without adult supervision; (2) when interviewed at the scene, the neighbor and another witness stated that shortly before the neighbor called the police, the witness was driving her vehicle on a neighborhood street and nearly struck Cooper's young daughter, who darted out in front of her on a motorized scooter; (3) the two stated that Cooper's young son was also on the street riding a motorized scooter at the time and that the two children were not supervised by an adult; (4) Davidson spoke to Cooper in her driveway, and Cooper denied that her children were almost struck by a vehicle or unsupervised and invoked her Fifth Amendment right to not answer any further questions; (5) Davidson observed that Cooper's garage door was open, that the rear lift gate on Cooper's vehicle was raised, that the hood of the vehicle was hot to the touch, and that Cooper's son came outside and unloaded a twelve pack of Dr. Pepper from the vehicle; and (6) Davidson relayed the information he had learned to a Harris County Assistant District Attorney, who agreed with Davidson that there was probable cause to arrest Cooper for abandoning or endangering a child.

At a minimum, Davidson was not objectively unreasonable in concluding these facts were sufficient for a reasonable officer to believe that Cooper committed the offense of abandoning or endangering a child by leaving her young children to play in a roadway on motorized scooters at night and without supervision, during which the youngest child was almost struck by a vehicle. *See Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 656 (5th Cir. 2004) ("There must not even arguably be probable cause for the . . . arrest for immunity to be lost." (citation and internal quotation marks omitted)); *cf. Harrist v. State*, Nos. 11-01-00093 & 11-01-00094-CR, 2002 WL 32344342, at *2 (Tex. App.—Eastland,

Mar. 28, 2002, no pet.) (not designated for publication) (conviction affirmed based on, inter alia, a six-year-old child crossing a busy street twice while the mother slept). Importantly, while Cooper disputes the accounts given by the eyewitnesses, she does not dispute that they gave these accounts to the police over the phone and at the scene. It is immaterial to the probable cause determination whether Cooper *actually* abandoned her children or placed them in a dangerous situation. The determinative issue is whether "the totality of facts and circumstances *within* [*Davidson's*] *knowledge at the moment of arrest* are sufficient" to establish probable cause. *Nunez-Sanchez*, 478 F.3d at 666 (emphasis added) (citation and internal quotation marks omitted). Davidson was entitled to credit the eyewitness statements and to disbelieve Cooper's denial of their statements. *See United States v. Burbridge*, 252 F.3d 775, 778–79 (5th Cir. 2001). Therefore, while Cooper presents disputes of fact, these are not disputes of *material* fact that preclude summary judgment. *See Ameristar Jet Charter, Inc. v. Signal Composites, Inc.,* 271 F.3d 624, 626 (5th Cir. 2001) ("An issue is material if its resolution could affect the outcome of the action.").[2] Accordingly, the district court did not err in concluding that Davidson is entitled to qualified immunity.

*C. Failure to Train Claim*

Municipalities are not liable under § 1983 for a constitutional violation of an employee unless it is the direct result of a municipal custom or policy. *Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010). To establish a failure to train claim, a plaintiff "must demonstrate [among other things]

---

[2] Cooper points out a dispute as to whether Davidson observed Cooper's children run into the house when he arrived or whether the children were inside, as well as whether she went to the store. However, the above-listed evidence considered to the exclusion of these disputed facts is still sufficient to establish probable cause. *See Crostley*, 717 F.3d at 423 ("[T]he deficiency of any one piece of evidence used to demonstrate probable cause does not, on its own, mean that probable cause did not exist."); *see also United States v. Privette*, 947 F.2d 1259, 1260 (5th Cir. 1991).

that . . . [the City's] training policy procedures were inadequate. *Id.* at 381. Cooper's only argument in this regard is based upon what Davidson allegedly knew and did. However, such evidence, standing alone, is insufficient to prove the first element of a failure to train claim. *See City of Canton v. Harris*, 489 U.S. 378, 390–91 (1989). On appeal, she points to nothing else. Summary judgment was properly granted on this claim.

AFFIRMED.