Billy Wayne **GILLILAND**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09–88–111 CR.

Court of Appeals of Texas,
Beaumont.

Jan. 10, 1990.

James Stafford, Houston, for appellant.

Steve Greene, Asst. Dist. Atty., Liberty, for State.

**386**

## OPINION

BURGESS, Justice.

A jury found appellant guilty of murder. He pleaded true to two enhancement allegations and the jury assessed punishment at life imprisonment in the Texas Department of Corrections. He urges three points of error.

Appellant's ex-wife testified that on the night of June 8, 1983, she and appellant encountered David Reid. Appellant called Reid over to the car and pointed a rifle at him. Reid eventually got into appellant's car and the ex-wife got out. The next morning the ex-wife saw appellant and an individual named Tommy Grimes in a van. She saw a wallet containing Reid's driver's license in the van.

Lonnie Richardson testified he saw appellant and Reid together and lent appellant a van. The next morning appellant and Tommy Grimes returned the van and appellant admitted killing Reid. The three men then went "to do away with the body" but the authorities were already at the scene, so they drove on. Richardson admitted he had never told any of the police investigators about this confession by appellant.

■ Kenneth Boone testified that on June 11, 1983, he participated in a conversation with Tommy Grimes and a person named Rodney. The conversation took place in the entry hall of Rodney's home where Grimes related that appellant had shot Reid once in the van and then chased him down and shot him again. Boone testified appellant was sitting within three feet of Grimes when the conversation occurred, that appellant was in a position to hear the conversation and appellant never denied what Grimes said. Points of error number one and two complain of this testimony.

Point of error number one alleges the trial court erred in admitting the testimony because it was hearsay and inadmissible under the Texas Rules of Criminal Evidence. Point of error number two alleges the admission of the testimony violated appellant's right of confrontation.

*Tucker v. State,* 771 S.W.2d 523, 535 (Tex.Crim.App.1988), *cert. denied,* —— U.S.

——, 109 S.Ct. 3230, 106 L.Ed.2d 578 (1989) resolves both arguments adverse to appellant. The court refers to adoptive admissions under *TEX.R.CRIM.EVID. 801(e)(2)(B)* and notes the rule is a codification of the tacit admission doctrine in *Crestfield v. State,* 471 S.W.2d 50, 53 (Tex. Crim.App.1971), *cert. denied,* 406 U.S. 917, 92 S.Ct. 1764, 32 L.Ed.2d 115 (1972). *See also Mumphrey v. State,* 774 S.W.2d 75, 78, 84 (Tex.App.—Beaumont 1989, pet. ref'd) and *Gamboa v. State,* 481 S.W.2d 423, 425–426 (Tex.Crim.App.1972). The court goes on to hold that adoptive admissions are not hearsay and do not violate confrontation rights. These two points of error are overruled.

■ The final point of error alleges there is insufficient evidence to sustain the jury's finding of guilt. Appellant recognizes the holding in *Collins v. State,* 602 S.W.2d 537 (Tex.Crim.App.1980) that a defendant will not be allowed to argue first that a piece of evidence was admitted erroneously and then argue that only the remaining evidence be reviewed to judge sufficiency. This is really beside the point. Under the appropriate standard of review, the evidence is sufficient. This point of error is overruled. The judgment is affirmed.

AFFIRMED.