Affirmed and Memorandum Opinion filed January 9, 2007













Affirmed and Memorandum Opinion filed January 9, 2007.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-06-00115-CR

____________

 

JEFFREY LYNN CARTER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 





 

On Appeal from the 184th
District Court

Harris County,
Texas

Trial Court Cause No. 993,049

 





 

M E M O R A N D U M   O P I N I O N

Appellant, Jeffrey Lynn Carter, appeals following his
conviction of aggravated robbery and sentence of forty years
imprisonment.  In his first point of error, appellant challenges the
sufficiency of the evidence.  In appellant=s second point of
error, he contends that the trial court erred in admitting evidence of an
alleged extraneous offense two days prior to the charged offense.  In his
final point of error, appellant complains that certain pretrial identification
procedures tainted the witnesses= in-court
identification of appellant as the robber.  We affirm the trial court=s judgment.

 

I.  BACKGROUND

On the morning of July 2, 2006, Giac Nguyen (ANguyen@), the owner of
John=s Grocery in Houston, Texas,
was making coffee in his store when he was robbed at gunpoint.  The coffee
was located near a check cashing booth which was secured by bulletproof glass. 
Nguyen testified that the robber demanded money and threatened him with a black
.45 caliber handgun.  Confronted by the robber, Nguyen fled into the
secured booth.  After a brief period of time in which the robber paced
back and forth in front of the booth demanding money, Nguyen observed the
robber leave the store and ride away on a bicycle.  

Nguyen testified that during most of the robbery, the
robber concealed the lower part of his face by pulling his shirt over it.  As the robber left the
store, however, his shirt fell from his face allowing Nguyen to see his entire
face.  Nguyen recognized the robber as appellant because appellant visited
the store on a daily basis and had distinctive facial characteristics.

At some point during the robbery, Nguyen=s wife, Le Hong
Dinh (ADinh@), who also
operated the store, came into the front part of the store.  Dinh testified
that she recognized appellant as the robber because of his frequent visits to
the store and because of his distinctive characteristics.  She reiterated
her husband=s testimony that although the robber covered the lower
part of his face with his shirt, his face was fully exposed as he left the
store. 

Morris Long, a security guard at a labor hall across the
street from John=s Grocery, testified that he walked to the
store after learning from a woman that the store had been robbed.  After
visiting with Nguyen and Dinh, Long stepped outside where he encountered
appellant.  Appellant was on a bicycle and offered to help search for the
robber.  Following this encounter, Nguyen pointed out to Long that
appellant was the robber.      

 

Officer Craig Kivela responded to the robbery call from
John=s Grocery. 
Officer Kivela interviewed Nguyen, Dinh, and Morris Long for a brief period of
time at the store.  As Officer Kivela was interviewing Long, appellant
rode by on his bicycle.  Officer Kivela testified that appellant matched
the description given by Nguyen and Dinh.  Officer Kivela handcuffed
appellant and brought him to Nguyen and Dinh.  Both Nguyen and Dinh
immediately identified appellant as the robber.   

Dinh also testified at trial about a prior encounter with
appellant on June 30, 2006, two days before the charged robbery occurred. 
She testified that on the morning of June 30, she was filling the coffee pot
next to the cash booth at the store when a man approached her with a black gun
demanding money.  Because Dinh was unable to secure herself inside the
booth, she complied with the robber=s demands by
giving him a few hundred dollars.  Dinh testified that, despite the robber=s having covered
the lower part of his face with his shirt, she recognized him as appellant
because of his daily visits to the store and his unique facial
characteristics.   

Officer John Clinton testified that as part of an identification
procedure, he presented a photographic array to Dinh.  Officer Clinton
testified that after giving his instructions regarding the procedure, he showed
the photo spread to Dinh.  She was able to immediately identity appellant
from the array.  

Appellant testified
that on July 2, 2004, he awoke at about 4:30 a.m. and rode his
bicycle to the labor hall located across the street from John=s Grocery. 
He stated that after visiting the labor hall, he walked across the street to an
open field where a group of people was gathered.  Appellant testified that
a lady from the group walked across the street to John=s Grocery. 
After several minutes, the woman exited and said that the store had been
robbed.  Appellant stated that after learning of the robbery, he began
riding his bicycle around the neighborhood looking for the robber. 
Appellant later returned to the store where he was arrested.  No witnesses
were offered to verify appellant=s version of the
events.

 

At trial, Nguyen and Dinh identified appellant as the
robber after the trial court conducted hearings on the admissibility of
appellant=s in-court identification.  Appellant denied
being the robber and cross-examined the State=s witnesses
regarding the credibility of their identification.  After hearing this
evidence, the jury found appellant guilty of aggravated robbery.

II.  ANALYSIS

A.     
Sufficiency of the Evidence

In his first point of error, appellant contends that the
evidence is legally and factually insufficient to support his conviction for
aggravated robbery.  Appellant specifically attacks the sufficiency of the
evidence proving his identity as the robber.

In evaluating the legal sufficiency of the evidence, we
determine whether, when viewing the evidence in the light most favorable to the
verdict, any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  Vasquez v. State, 67 S.W.3d
229, 236 (Tex.
Crim. App. 2002).  This standard of review applies to both direct and
circumstantial evidence cases.  King v. State, 895 S.W.2d 701, 703
(Tex. Crim. App. 1995).  Although we consider all of the evidence
presented at trial, we may not substitute our judgment for that of the
jury.  King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).  The jury is the
exclusive judge of the credibility of the witnesses and the weight to be given
to their testimony, and it is the exclusive province of the jury to reconcile
conflicts in the evidence.  Wesbrook v. State, 29 S.W.3d
103, 111 (Tex.
Crim. App. 2000). 

 

In this case, both Nguyen and Dinh testified that they
recognized the robber as appellant because he was a frequent visitor of the
store and because of his distinctive facial characteristics.  In fact, appellant
acknowledged daily visits to the store.  Nguyen and Dinh also testified
that they were able to recognize appellant because only the lower half of his
face was concealed during most of the robbery (and his face was wholly visible
the remaining time).  Additionally, Nguyen, Dinh, and Morris Long,
observed appellant outside of the store immediately after the robbery. 
Both Nguyen and Dinh identified appellant as the robber within thirty minutes
after the robbery to the police and again at trial.  Dinh also was able to
identify appellant from a photographic array.  Officer Kivela testified
that appellant matched the descriptions given by Nguyen and Dinh before the
arrest.  Viewing the evidence in the light most favorable to the verdict,
the evidence regarding the identity of the robber is legally sufficient.  

When reviewing the factual sufficiency of the evidence to
support a conviction, we view all the evidence in a neutral light, favoring
neither party.  Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas v. State, 175
S.W.3d 795, 799 (Tex.
Crim. App. 2005).  We will set the verdict aside only if: (1) the evidence
supporting the conviction, although legally sufficient, is nevertheless so weak
that the fact-finder=s determination is clearly wrong and
manifestly unjust; or (2) the verdict is against the great weight and
preponderance of the evidence.  Watson, 204 S.W.3d at 414-15; Johnson
v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000).  We cannot conclude a conviction is Aclearly wrong@ or Amanifestly unjust@ simply because we
would have voted to acquit.  Watson, 204 S.W.3d at 414.  In
other words, we may not simply substitute our judgment for the fact‑finder=s.  Johnson,
23 S.W.3d at 12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App.
1997).  To reverse under the second ground, we must determine, with some
objective basis in the record, that the great weight and preponderance of the
evidence contradicts the verdict.  Watson, 204 S.W.3d at 417. 
In examining a factual sufficiency challenge, we defer to the fact-finder=s determination of
the credibility of the evidence.  Swearingen v. State, 101 S.W.3d
89, 97 (Tex. Crim. App. 2003).  Appellant argues that the evidence is
factually insufficient to prove his identity as the robber.

 

As mentioned above, the State offered evidence from
multiple witnesses proving the identity of appellant as the robber. 
Appellant attempted to contradict the State=s proof by
questioning the witnesses= ability to determine the identity of the
robber during the robbery and by highlighting alleged inconsistencies in some
of the witnesses= statements, thereby attacking the
credibility of the witnesses offered by the State.  Courts have clearly
held that we must give due deference to the fact-finder=s determinations, Aparticularly those
determinations concerning the weight and credibility of the evidence.@  Johnson,
23 S.W.3d at 9.  In accordance with such due deference, we cannot say that
the jury=s determination
that the State=s evidence was credible regarding the identity of
appellant as the robber was Aclearly wrong@ or Amanifestly unjust.@  

In addition to attacking the credibility of the State=s evidence,
appellant denied that he committed the robbery and testified about his alibi
during the robbery.  Appellant claimed that he was across the street from
the store when the robbery occurred.  He stated that immediately after he
learned of the robbery, he rode his bicycle around the neighborhood looking for
the robber.  No evidence was offered to substantiate appellant=s alibi during the
time of the robbery.  The State attacked appellant=s credibility by
(1) pointing out this absence of substantiation, (2) offering evidence of seven
prior felony offenses, and (3) pointing out inconsistencies in appellant=s own statements. 
After weighing this evidence against the proof in support of the jury verdict,
we cannot say that the jury=s verdict is against the great weight and
preponderance of the evidence.  Therefore, after a neutral review of the
evidence, we find that the evidence is factually sufficient to support the jury=s findings. 
We overrule appellant=s first point of error.

B.     
Extraneous Robbery

In appellant=s second point of
error, he argues that the trial court erred in admitting evidence of an alleged
extraneous robbery two days before the charged offense.  Appellant
contends that the extraneous robbery is not sufficiently similar to the charged
offense and that the probative value of that evidence is substantially
outweighed by the danger of unfair prejudice to him.  

 

Texas Rule of Evidence 404(b) prohibits the introduction of
extraneous Acrimes, wrongs or acts@ to show character
conformity but allows for such evidence to show Amotive, opportunity,
intent, preparation, plan, knowledge, identity, or absence of mistake or
accident.@  Tex. R.
Evid. 404(b).  We review a trial court=s decision to
admit evidence per Rule 404(b) under an abuse of discretion standard.  Prible
v. State, 175 S.W.3d 724, 732 (Tex. Crim. App. 2005).  A trial court
abuses its discretion when its decision is so clearly wrong as to lie outside
the zone within which reasonable persons might disagree.  McDonald v.
State, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005).  

The record shows that the prosecutor offered the extraneous
robbery to confirm the identity of appellant as the perpetrator of the charged
robbery.  An extraneous offense may be admissible to show identity only
when identity is an issue in the case.  Lane v. State, 933 S.W.2d
504, 519 (Tex. Crim. App. 1996).  In addition, to be admissible to show
identity, an extraneous offense must be so similar to the charged offense that
the offenses are marked as the defendant=s handiwork. 
Id.  Appellant does not dispute, and the record clearly shows, that
identity was an issue in this case.  Instead, appellant argues that the
extraneous offense was not sufficiently similar to the charged offense. 
Sufficient similarity may be shown by proximity in time and place or by a common
mode of committing the offenses.  Id.  In determining
similarity, appellate courts should take into account both the specific
characteristics of the various offenses and the time interval between
them.  Johnson v. State, 68 S.W.3d 644, 651 (Tex. Crim. App. 2002).

 

In this case, there were several similarities between the
offenses indicating the defendant=s handiwork. 
In both instances, the robber concealed his face by covering it with his shirt
and attacked the individuals while they filled a coffee pot next to the cash
booth inside the store.  Both Nguyen and Dinh testified that the robber
threatened them with a black gun.  Both of the robberies occurred early in
the morning when the store opened for business.  Nguyen and Dinh recognized
appellant at the time of the robberies as a frequent visitor of the
store.  Finally, the robberies occurred at the same store only two days
apart.  See Johnson, 68 S.W.3d at 651 (finding that less
similarity is needed when the offenses are committed Awithin a very short
period of time@).  We find that the trial court did not abuse
its discretion in concluding that the two offenses were sufficiently similar
such that the offenses are marked as the defendant=s handiwork. 
Compare Johnson, 68 S.W.3d at 651 (finding that offenses which were
committed within a few hours of each other, both involving lone women and the
same car, were sufficiently similar to be the appellant=s handiwork); Ransom
v. State, 503 S.W.2d 810, 813 (Tex. Crim. App. 1974) (finding sufficiently
similar offenses where: (1) both offenses were robberies, (2) both offenses
were committed at gunpoint, (3) the appellant was aided by a confederate in
both instances, and (4) the offenses occurred three days apart); Davis v.
State, 180 S.W.3d 277, 285‑86 (Tex. App.CTexarkana 2005, no
pet.) (holding that evidence of extraneous offense was admissible to prove
identity based on similar modus operandi in aggravated robbery and
aggravated kidnaping prosecution, when all of the offenses occurred at the same
time of night, in the same location and the attacker in all offenses wore the
same type of clothing); Harvey v. State, 3 S.W.3d 170, 175 (Tex. App.CHouston [14th
Dist.] 1999, pet. ref=d) (finding sufficiently similar offenses
when: (1) all the offenses were burglaries that turned into robberies when the
victims interrupted the appellant, (2) all the offenses occurred at gunpoint,
(3) the perpetrator was aided by a confederate, (4) the offenses occurred
within the space of an hour, (5) the offenses were committed in the same area,
and (6) the perpetrator used the same procedure in each offense).

Appellant also complains that the probative value of the
extraneous robbery is substantially outweighed by the danger of unfair
prejudice to him.  Texas Rule of Evidence 403 states that A[a]lthough
relevant, evidence may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice.@  Tex. R. Evid. 403.  Rule 403
favors admissibility of relevant evidence, and the presumption is that relevant
evidence will be more probative than prejudicial.  Montgomery v. State,
810 S.W.2d 372, 389 (Tex. Crim. App. 1990).  We will only reverse a trial
court=s decision
regarding the admissibility of evidence upon a clear abuse of discretion. 
Wyatt v. State, 23 S.W.3d 18, 26 (Tex. Crim. App. 2000). 

 

We hold that the trial court did not abuse its discretion
in finding that the danger of unfair prejudice did not substantially outweigh
the probative value of the extraneous robbery.  Evidence that appellant
robbed the store in a similar manner to the charged offense two days before the
charged offense occurred is highly relevant as support for the identification
of appellant as the perpetrator in this caseCidentity being a
central issue.  Appellant=s only argument supporting unfair
prejudice is that the similarity between the two offenses was insufficiently
distinctive.  We have already rejected that argument.  Moreover, any
prejudice was substantially attenuated by the trial court=s instruction to
the jury to consider the evidence only for purposes of identity.  For
these reasons, we overrule appellant=s second point of
error. 

C.     
Tainted In-Court Identifications   

In his third point of error, appellant complains that the
trial court erred in allowing the in-court identification of appellant by the
witnesses.  He argues that certain pretrial identification procedures were
so unduly suggestive that they tainted his in-court identification.  A
pretrial identification procedure may be so suggestive and conducive to
mistaken identification that subsequent use of that identification at trial
would deny the accused due process of law.  Simmons v. United States,
390 U.S. 377, 384 (1968); Barley v. State, 906 S.W.2d 27, 32‑33
(Tex. Crim. App. 1995).  We apply a two‑step analysis to determine
the admissibility of an in‑court identification and ask: (1) whether the
pretrial identification procedure was impermissibly suggestive and, if so, (2)
whether the impermissibly suggestive procedure created a very substantial
likelihood of irreparable misidentification.  Barley, 906 S.W.2d at
33.

In looking at the first prong of the analysis, it is
important to note that even if a pretrial procedure is suggestive, it is not
necessarily impermissibly so.  See id.  Suggestiveness
may be created by the manner in which the pretrial identification procedure is
conducted, or it may be created by the content of the line‑up or photo
array itself.  Id. at 33‑34. 

 

If we find that a pretrial identification procedure was
impermissibly suggestive, we must then consider the factors enumerated in Neil
v. Biggers to determine whether the suggestive procedure gave rise to a
substantial likelihood of irreparable misidentification.  409 U.S. 188
(1972).  These nonexclusive factors are: (1) the witness= opportunity to
view the criminal, (2) the witness= degree of
attention, (3) the accuracy of the witness= description of
the suspect, (4) the level of certainty at the time of confrontation, and (5)
the time between the crime and confrontation.  Id. at 199-200. 
If we find that no impermissibly suggestive procedure was utilized, we need not
assay whether it created a substantial likelihood of misidentification.  Barley,
906 S.W.2d at 34; Webb v. State, 760 S.W.2d 263, 269 (Tex. Crim. App.
1988).

A defendant bears the burden of establishing by clear and
convincing evidence that the pretrial identification procedure (1) was
impermissibly suggestive (2) thereby creating a very substantial likelihood of
irreparable misidentification.  Barley, 906 S.W.2d at 34; Colgin
v. State, 132 S.W.3d 526, 532 (Tex. App.CHouston [1st
Dist.] 2004, pet. ref=d).  The admissibility of an
identification is a mixed question of law and fact that we review de novo. 
Loserth v. State, 963 S.W.2d 770, 772 (Tex. Crim. App. 1998). 
However, we review the fact-based Biggers factors deferentially in a
light favorable to the trial court=s ruling.  Id.
at 773.  Viewing the factors in this light, we then weigh them de novo against
Athe corrupting
effect@ of the suggestive
pretrial identification procedure.  Id. at 773-74.

 

Appellant first argues that Officer Kivela=s Aconfrontation
identification@ procedureCwhen Officer
Kivela brought appellant to the store to determine if Nguyen or Dinh could
identify himCwas impermissibly suggestive in that a proper line-up
procedure was not conducted.  The Texas Court of Criminal Appeals has held
that an Aon-the-scene
confrontation@ is not necessarily impermissibly suggestive and is
often a necessary part of an investigation.  Garza v. State, 633
S.W.2d 508, 512 (Tex. Crim. App. 1982) (op. on reh=g).  By
viewing the alleged perpetrator of the offense immediately after the commission
of the offense, the witness is allowed to test his recollection while his
memory is still fresh and accurate.  Id.  The quick
confirmation or denial of identification also expedites the release of innocent
suspects and enables the police to continue their search for the criminal while
he may still be within the area and before he can substantially alter his looks
and dispose of evidence of the crime.  Finally, any possible prejudice
resulting from such a confrontation can be exposed by rigorous cross‑examination
of the witness.  Id. 

In this case, Nguyen and Dinh were able to view appellant
within thirty minutes after the robbery, allowing them to test their
recollection of appellant immediately after they observed him during the
robbery.  This abridged identification procedure, as opposed to a formal
line-up, minimized the amount of time that appellant would be held in custody
if he had not been the identified suspect.  Finally, both Nguyen and Dinh
testified at trial and were cross-examined by defense counsel allowing
appellant the opportunity to challenge any prejudicial effect accruing from the
identification procedure.  

 

Appellant contends that his guilt was implicated during the
confrontation because he was brought before the witnesses in handcuffs. 
However, several courts have held that a suspect in handcuffs during an
on-the-scene confrontation is not enough, in and of itself, to be considered
impermissibly suggestive.  See Powell v. State, 837 S.W.2d 809, 811‑12
(Tex. App.CHouston [1st Dist.] 1992, pet. ref=d) (holding on‑scene
identification of the appellant shortly after robbery when appellant was in custody
as a suspect and handcuffed did not result in irreparable misidentification); Payne
v. State, 838 S.W.2d 668, 669 (Tex. App.CDallas 1992, no
pet.) (finding the identification procedure was not impermissibly suggestive
even though defendant was handcuffed and alone in police custody when the
witness identified him); Lee v. State, No. 14‑05‑00216‑CR,
2006 WL 300419 (Tex. App.CHouston [14th Dist.] 2006) (not designated
for publication) (finding on-scene identification of handcuffed appellant was
not unnecessarily suggestive).  Appellant offers no other proof of an
unnecessarily suggestive procedure besides his being handcuffed and alone when
the witnesses identified him; therefore, we find that this on-the-scene
confrontation was not impermissibly suggestive.  As such, we need not
reach the issue of whether there was a likelihood of misidentification.  See
Barley, 906 S.W.2d at 34 (holding that there is no need to determine
whether there was a likelihood of misidentification when a court finds that the
procedure was not impermissibly suggestive); Webb, 760 S.W.2d at 269.

 

Appellant also complains that the photographic array
presented to Dinh was impermissibly suggestive and tainted his in-court
identification.  He points to three facts to support his argument: (1) an
officer other than Officer Clinton (the officer who presented the photo spread
to Dinh) prepared the photo spread, (2) Officer Clinton did not have Dinh
answer, in writing, a series of questions listed on the back of the photo
spread,[1]
and (3) Officer Clinton conducted the photographic array without an interpreter
despite Dinh=s using an interpreter at trial.  Appellant
fails, however, to explain how any of these facts lead to the conclusion that
the photographic array was impermissibly suggestive.  As for fact (1), we
cannot imagine how this would implicate appellant=s identity. 
With respect to fact (2), Dinh initialed one of the photos in the array
indicating whom she recognized, and Officer Clinton=s testimony shows
that Dinh orally provided the information sought by the remaining
questions.  Therefore, Dinh made it apparent which individual she was
identifying and why she was identifying that personCwhich was the
purpose of the questions.  The fact that this information was not recorded
in writing does not support the conclusion that the photo array was
suggestive.  As for fact (3), while it might be possible that a language
barrier could affect an identification procedure, such a problem is not present
here.  While English is not Dinh=s first language,
she testified at trial that she understood and could speak and read English,
and she also gave part of her testimony in English.  Officer Clinton
testified that he believed Dinh understood him during the photo array and that
he was able to communicate with Dinh.  Consequently, neither the
on-the-scene confrontation nor the photographic array was impermissibly
suggestive creating the likelihood of misidentification of appellant.  We overrule
appellant=s third point of error.

The trial court=s judgment is
affirmed.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered and Memorandum Opinion
filed January 9, 2007.

Panel consists of Chief Justice Hedges and
Justices Fowler and Edelman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 

 

 

 

 

 














[1]  The questions asked:

(1) Do you see anyone you recognize?

(2) If the answer to question #1 was yes, identify by
number, the photo or photos you        
recognize.

(3) From where do you recognize the person(s)
identified?

(4) Do you have any additional comments?