United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 20, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03 - 51012
SUMMARY CALENDAR
_____

MICHAEL L. BARNES,

 Plaintiff - Appellant,

 v.

KAREN JOHNSON, Individually and as
 Dean of Students, St. Mary's University;
ST. MARY'S UNIVERSITY, a private,
religious, educational corporation
organized under the laws of Texas;
ANDREW HILL; PAUL CHAPA,

 Defendants - Appellees.

_____

On Appeal from the United States District Court for the
Western District of Texas
(SA-02-CV-247)

_____

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

    In this appeal, we review the district court's decision granting Defendants - Appellees'

_____

    [1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

-1-

motion for summary judgement and supplemental motion for summary judgement on Plaintiff - Appellant, Michael Barnes', civil rights action filed under 42 U.S.C. § 1983 and Texas state law in which he alleges false arrest, false imprisonment, and malicious prosecution.

In December of 1999, Barnes was suspended from St. Mary's University School of Law for violations of the student code of conduct. Barnes had been accused of and had admitted to stalking at least two female law students.

On May 25, 2000, Barnes came to campus and attempted to register for the upcoming summer session of classes. Barnes was arrested for criminal trespass by a St. Mary's University campus police officer, Defendant - Appellee, Officer Paul Chapa. The officer turned Barnes over to the San Antonio police, who later transferred Barnes to the Bexar County Sheriff's Department, where Barnes was charged with criminal trespass. The charges were later dropped by the district attorney's office.

On March 13, 2002, Barnes filed this suit against St. Mary's University and the named defendants. Upon the motion of Defendants - Appellees, the district court granted summary judgment and dismissed the action. Barnes timely appealed.

We review the grant of a motion for summary judgment de novo. *Melton v. Teachers Ins. & Annuity Ass'n of America*, 114 F.3d 557, 559 (5th Cir. 1997). Summary judgment is appropriate when there are no genuine issues of material fact. FED. R. CIV. P. 56(c); *Melton*, 114 F.3d at 559; *Galindo v. Precison Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

Barnes has failed to show that the district court erred in granting summary judgment. *See Melton*, 114 F.3d at 559. Barnes' conclusory allegations of malice are insufficient to create an issue of fact. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

After reviewing the record, we hold that there was probable cause for Barnes' arrest and prosecution.  *See Piazza v. Mayne*, 217 F.3d 239, 246 (5th Cir. 2000);  *Bodzin v. City of Dallas*, 768 F.2d 722, 724-26 (5th Cir. 1985).  Therefore, Barnes' claims lack merit under both federal and state law.  *See Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003).

Barnes also failed to show that the district court erred in holding that Defendant - Appellee, Officer Paul Chapa, was entitled to qualified immunity.  *See Jacobsen v. Osborne*, 133 F.3d 315, 320-22 (5th Cir. 1998).

For the foregoing reasons, we uphold the district court's decision.  AFFIRMED.